UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | No.  08 CR 0051 |
| v.    ) | |
| ) | Chief Judge James F. Holderman |
| ) | |
| DARRYL MAYFIELD,    ) | |
| ) | |

**GOVERNMENT'S UNOPPOSED THIRD MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT OR TO FILE AN INDICTMENT**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B), for an additional 30-day extension of time, to and including May 21, 2008, in which to seek the return of an indictment or file an information against the defendant Darryl Mayfield, for the following reasons:

1.     Defendant Darryl Mayfield was arrested on January 23, 2008.  On January 22, 2008, the government charged Mayfield by way of complaint with making false statements to National City Bank to obtain a credit card and auto loan, namely, he provided a false Social Security Number and false date of birth, in violation of Title 18, United States Code, Section 1014.

2.     The Speedy Trial Act mandates that an indictment or information be filed within 30 days of the date of the defendant's arrest. 18 U.S.C. § 3161(b).  Two extensions have been granted. Accordingly, the earliest deadline for indictment or information in the case is presently April 22, 2008.

3.     The government is conducting an investigation into this case, but certain factors have led to the government's request for an extension.  Those factors are stated in the Attachment hereto,

which the government respectfully requests be placed under seal. The government is requesting that the Attachment be sealed so as not to compromise its ongoing investigation and so as not to reveal matters occurring before the Grand Jury.

4.      Given the reasons stated in the government's sealed Attachment, the thirty days available to the government pursuant to Title 18, United States Code, Section 3161(b) in which to file an indictment or information against a defendant based on his arrest and the additional extensions of 60 days will not be sufficient. The United States estimates that another 30-day extension from the current expiration date of April 22, 2008, to and including May 21, 2008, will be sufficient time within which to return an indictment or information in this matter.

5.      The Speedy Trial Act permits the extension of time to return an indictment "upon the request of the attorney for the government if the Court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Among the non-exclusive factors a court may consider are:

   a.   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(i);

   b.   Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex. 18 U.S.C. § 3161 (h)(8)(B)(iii); and

    c. Whether the failure to grant such a continuance in a case, which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. §3161(h)(8)(B)(iv).

  6. The government respectfully submits that the additional 30-day extension is warranted in this case pursuant to the forgoing provisions.  The government has been conducting a diligent and thorough investigation in this case, but the additional factors warranting an extension of time (as cited in the government's Attachment) exist.  The government cannot complete its investigation and make a proper charging decision within the time allowed under Section 3161(b) of the Speedy Trial Act.

  7. Counsel for the government has spoken with Mayfield's attorney, Piyush Chandra, who has stated he has no objection to this extension of time for the filing of an information or indictment.

WHEREFORE, the United States respectfully requests an additional 30-day extension of time from April 22, 2008 to and including May 21, 2008, in which to seek an indictment in this case.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney


By:    s/Margaret A. Hickey
        Margaret A. Hickey
        Assistant United States Attorney
        United States Attorney's Office
        219 South Dearborn Street
        Chicago, Illinois  60604
        (312) 886-7633

Dated: April 9, 2008

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S UNOPPOSED THIRD MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT OR TO FILE AN INDICTMENT**

was served on April 9, 2008, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.

/s/Margaret A. Hickey
MARGARET A. HICKEY
Assistant United States Attorneys
219 South Dearborn
Chicago, Illinois  60604
(312) 886-7633